**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jaqueline Rubio**,<br><br>                    Plaintiff,<br><br>vs.<br><br>**Back to Dignity, LLC**, an Arizona limited liability company, and **Taras L. Collum and Jane Doe Collum**, a Married Couple,<br><br>                    Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Jaqueline Rubio ("Plaintiff" or "Jaqueline Rubio"), sues the Defendants, Back to Dignity LLC and Taras L. Collum and Jane Doe Collum (collectively, all Defendants are referred to as "Defendants" or "Back to Dignity") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid wages under the Arizona Wage Act ("AWA"), Arizona Revised Statutes ("A.R.S.") § 23-350, et seq.

-1-

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. <u>See</u> 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. <u>See</u> 29 U.S.C. § 207(a).

3. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

5. This is an action for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## **JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action

over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

9. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

10. At all material times, Defendant Back to Dignity, LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Back to Dignity, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

11. At all relevant times, Defendant Back to Dignity, LLC owned and operated as "Back to Dignity," a behavioral health company operating a day program for adults doing business in Maricopa County, Arizona.

12. Under the FLSA, Defendant Back to Dignity, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times Defendant Back to Dignity, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment,

and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Back to Dignity's employees, Defendant Back to Dignity, LLC is subject to liability under the FLSA.

13.    Defendants Taras L. Collum and Jane Doe Collum are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Taras L. Collum and Jane Doe Collum are owners of Back to Dignity and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14.    Under the FLSA, Defendants Taras L. Collum and Jane Doe Collum are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Taras L. Collum and Jane Doe Collum had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Back to Dignity's employees, Defendants Taras L. Collum and Jane Doe Collum are subject to individual liability under the FLSA.

15.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

-4-

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

24. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

26. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

27. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

28. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

29. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

30. Defendants own and/or operate as Back to Dignity, a behavioral health company operating a day program for adults doing business in Maricopa County, Arizona.

31. On or about December 14, 2023, Plaintiff began working for Defendants as a caregiver and driver, performing caregiving- and driving-related duties for Defendants.

32. At all relevant times, in her work for Defendants, Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $18, capped at 40 hours per week worked, regardless of the number of hours Plaintiff actually worked.

33. At all relevant times, in her work for Defendants, Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $18, capped at 40 hours per week worked, regardless of the number of hours Plaintiff actually worked, and regardless of whether she worked in excess of 40 hours in a given workweek.

34.    At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA, 29 U.S.C. § 201 et seq.

35.    Plaintiff worked for Defendants through approximately early March 17, 2025.

36.    At all relevant times during Plaintiff's employment, she was scheduled to, and did, work from approximately 6:00 a.m. to 6:00 p.m., Monday through Friday.

37.    During Plaintiff's employment with Defendants, Plaintiff generally worked approximately 60 hours per workweek.

38.    At all relevant times, Plaintiff was paid, or supposed to be paid, on a biweekly basis.

39.    Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during her employment with Defendants.

40.    At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek.

41.    During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

42.    At all relevant times, Plaintiff worked approximately ten (10) hours of overtime per week.

43. To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for such hours worked.

44. At all relevant times, in her work for Defendants Plaintiff was a non-exempt employee.

45. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

46. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

47. For her entire employment with Defendants, Defendants did not pay Plaintiff her regular rate of pay for time worked in excess of 40 hours in a given workweek.

48. To date, Defendants still have paid none of the regular rate wages due and owing to Plaintiff for time worked in excess of 40 hours in a given workweek.

49. As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff wages due and owing for such hours worked.

50. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

52. Plaintiff is a covered employee within the meaning of the FLSA.

53. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

<u>**COUNT ONE: FAIR LABOR STANDARDS ACT**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

58. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a given workweek.

59. As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek,

Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 207.

60.     As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

61.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

62.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

63.     Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Jaqueline Rubio, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.     For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

-10-

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT BACK TO DIGNITY, LLC, ONLY**

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     As a result of the allegations contained herein, Defendant Back to Dignity, LLC did not compensate Plaintiff wages due and owing to him.

66.     Defendant Back to Dignity, LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

67.     Defendant Back to Dignity, LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing her.

68.     Defendant Back to Dignity, LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

69.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant Back to Dignity, LLC.

70.     Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and the costs incurred.

**WHEREFORE**, Plaintiff, Jaqueline Rubio, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Back to Dignity, LLC:

A.    For the Court to declare and find that Defendant Back to Dignity, LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 20th day of March, 2024.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-12-

**VERIFICATION**

Plaintiff, Jaqueline Rubio, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.


Jaqueline Rubio (Mar 20, 2025 17:42 PDT)
Jaqueline Rubio

-13-